20932. HIXON, sheriff, *v.* BANK OF SILOAM.

STEPHENS, J. 1. Funds in the hands of a levying officer which he has collected under an execution are not held by him as agent for the plaintiff in execution, where he has not relinquished control of the funds to the plaintiff in execution or the latter's authorized agent or attorney, but holds them in his capacity of levying officer, for the purpose of lawful distribution. This is true though the property levied on may have been sold at a private sale with the consent of all parties at interest. A direction to the levying officer as to the distribution of the funds, made by the plaintiff in execution through his attorney,—as a direction that the levying officer deposit the funds in a particular bank in his own name for the defendant in execution,—is not a direction by a principal to his agent, but is mere advice which the levying officer is under no legal obligation to follow. Where, in compliance with such direction or advice, the levying officer places the funds in a bank, where they are lost on account of the insolvency of the bank, the loss is not chargeable to the plaintiff in execution, where it does not appear that the attorney for the plaintiff in execution, in giving the direction or advice that the funds be deposited in the bank, had knowledge of the insolvency of the bank or otherwise acted in bad faith. Upon the trial of an issue arising upon a rule against the levying officer to show cause why the amount of the funds collected on the execution should not be paid to the plaintiff in execution, who was lawfully entitled thereto, the verdict for the plaintiff in the amount sued for was as a matter of law demanded.

2. The evidence adduced being insufficient to authorize a verdict for the defendant, the admission in evidence of the testimony of the attorney for the plaintiff in execution, to the effect that no direction was given to the levying officer with reference to the deposit of the funds as contended by the defendant, even if error upon the ground that it had reference to a transaction with a dead person, was harmless.

3. Since the defense set out by the defendant in a rejected amendment to his answer was allowed upon the trial by allowing the introduction of testimony offered by the defendant in support of such defense, and since such issue was submitted to the jury by the court in the charge, the rejection of the amendment was harmless to the defendant.

4. The verdict for the plaintiff was demanded as a matter of law, and no error appears.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

> DECIDED AUGUST 27, 1931.

*Miles W. Lewis, J. G. Faust,* for plaintiff in error.
*Emerson H. George, Joseph P. Brown,* contra.